**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WILLIE MAYZE,                    )<br>                                                )<br>         **Plaintiff,**              )<br>                                                )<br>vs.                                           )<br>                                                )<br>ELISE REA, ANDREW WILSON, )<br>ROBERT DIXON, JONATHAN )<br>MALLEY, SCOTT MINH, MARY WEST, )<br>J. BROWN, E. MOORE, JONATHAN )<br>WALL, EUGENE McDORY, MAVIS )<br>GROSS, DONN FHARIS, DEBI )<br>MIDDENDORF, OFFICER NICHOLS, )<br>SHEILA LANE, DONALD SNYDER, )<br>ROGER WALKER and UNKNOWN )<br>PARTY,                                   )<br>                                                )<br>         **Defendants.**            ) | CIVIL NO. 04-823-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered. This action arises out of two disciplinary tickets Plaintiff received while at Menard, as discussed below.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

### TICKET DATED JULY 25, 2002

Plaintiff filed a request for law library access, claiming that he had a court deadline of 10 days to file a reply in the appellate court. A call pass was issued, directing that he provide proof of his court deadline when he came to the library. Plaintiff was unable to provide any documentation of that deadline, and apparently this was not the first time that he was unable to verify the existence of a court deadline he claimed to have. Defendant Rea issued a disciplinary ticket, citing him with providing false information, abuse of privileges, and disobeying a direct order.

At the hearing, Plaintiff claimed that he had not told Rea he had a court deadline; rather, he claimed that she misunderstood his request for law library time. The adjustment committee did not accept his explanation, and he was found guilty of all three charges. As a result, he was demoted to B-grade and lost his commissary privilege for one month. All grievances and appeals regarding this ticket were denied.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff claims that he was demoted to B-grade and denied commissary privilege for one month. However, these

- 2 -

allegations do not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Therefore, he has not presented a viable constitutional claim regarding this incident, and this claim is dismissed with prejudice.

### TICKET DATED NOVEMBER 7, 2002

In November 2002, Defendant West found two "kites" in the law library mail, purportedly written by inmate Melvin Presswood. These "kites" indicated a desire to have sexual relations with West, to escape from Menard, and to kill West's husband. An investigation determined that Presswood had not written this documents; rather, they had been written by Plaintiff. He received a ticket for conspiracy to commit assault, conspiracy to escape, sexual misconduct, forgery, dangerous written material, and insolence.

At the hearing, according to the summary report, Plaintiff pleaded not guilty but presented no defense. He was found guilty and punished with one year in segregation, one year's demotion to C-grade, loss of commissary privilege for one year, revocation of six months of good conduct credit, and the loss of yard privilege for three months. All grievances and appeals regarding this ticket were denied.

> When a state official violates the Constitution in his treatment of a state prisoner, his illegal conduct can, at least in theory, give rise to claims for monetary or declaratory relief under § 1983 and to claims for habeas corpus relief under § 2254. Although these statutes provide distinct avenues for relief, claims brought under § 1983 are not always independent of claims that have been brought or could be brought under § 2254. Proving official misconduct for the purposes of § 1983 can often – but not always – involve the same factual issues that would be relevant in a potential claim under § 2254. This intersection between claims under §§ 1983 and 2254 can sometimes implicate the fundamental principles controlling federal jurisdiction generally, and habeas corpus jurisdiction in particular. According to

> these principles, the federal courts will not hear a state prisoner's § 2254 claims against a state official until the courts of that state have had the opportunity to identify and remedy any official misconduct. These principles of deference and reticence that guide the federal courts similarly prevent the district courts from considering any issues that *could be cognizable* in a § 2254 claim until the state prisoner has exhausted his state court remedies. If claims under statutes besides § 2254 could be used as instruments to decide issues that would be cognizable in a potential § 2254 action, the pursuit of such claims could promote the evasion of the exhaustion requirement for § 2254. Consequently, a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under § 2254. A decision on a § 1983 claim brought in this posture would create situations in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts.
>
> But this limitation applies only if the preclusive effect of a § 1983 judgment is certain. If resolution of the issue in federal court would not *necessarily* undermine the state court's ability to make an independent determination of issues cognizable in habeas corpus, then that issue is cognizable under § 1983, regardless of whether a state court has ruled on that issue.

*Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996), *citing Heck v. Humphrey*, 512 U.S. 477, 487 n. 7 (1994). *See generally Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

> This determination [of which claims are cognizable strictly under § 1983 and which raise issues cognizable in habeas corpus] depends upon identifying the injuries involved in each of [plaintiff's] claims. As the Supreme Court has recently indicated, the injury alleged in a claim – and not the relief sought in the claim – determines whether a claim implicates issues cognizable in habeas corpus. . . . If the proof of any of those injuries involves the proof of a fact that would also be essential to a habeas corpus action, then the claim that depends upon proof of that injury implicates habeas corpus.

*Clayton-EL*, 96 F.3d at 242 (citations omitted). *See generally Wilkinson v. Dotson*, – U.S. —, 125 S.Ct. 1242, 1246-48 (2005).

In the instant case, Plaintiff claims that he was not allowed to present evidence in his

defense, and he was not allowed to confront and cross-examine the witnesses against him. Proof of such claims could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of one year of good time credit. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are **MOOT**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated: February 22, 2006.

                                                  **s/ J. Phil Gilbert**
                                                  **U. S. District Judge**